## LAURA E. BOLTON *vs.* ERASTUS A. BREWSTER, FREDERICK ARTHUR, jun. and ANGELINA T. his wife.

Where the record of proceedings before a surrogate, for the proof of a will, shows that the testator, at and immediately before his death, was an inhabitant of the county where the will is proved : that all the necessary parties were properly brought into the surrogate's court, and the witnesses duly examined and their testimony recorded ; and that in the execution and publication of the instrument all the requisites of the statute of wills have been duly complied with ; *it seems* the jurisdictional fact of residence will be presumed to have been determined by the surrogate ; and that the proceedings before him cannot be attacked and subverted, collaterally, by proof that

the testator in fact resided in a different county, at the time of his death; for the purpose of destroying the title to real property devised under the will.

*It seems* the court will be reluctant to recognize it as a rule of evidence that the residence or habitation of a testator is open to litigation and controversy, long after his will has been proved and admitted to record, and valuable rights have been acquired under it.

After forfeiture and condition broken, the mortgagee, if he be in possession, is considered as having the legal estate, and an action of ejectment cannot be maintained against him.

ACTION to recover the possession of a farm in the town of Hempstead, Queens county.

*James C. Bolton*, for the plaintiff.

*George G. Reynolds*, for the defendant Brewster.

*By the Court*, BROWN, J. The complaint alleges that the plaintiff and the defendant Angelina T. Arthur, as heirs at law of Theodore B. Talmadge deceased, who died intestate, are seised of the premises claimed, and entitled to the possession thereof; and it has no other aspect or claim than to recover such possession with damages for the detention, in the usual form. The answer of the defendant Erastus A. Brewster, among other things, denies that Theodore B. Talmadge died intestate, but says that at the time of his death he left a last will and testament executed in due form to pass real estate, and thereby made and appointed one Philip Burrowes executor thereof, with power to sell his real estate, which power was duly executed by the said Philip Burrowes by a sale and conveyance of the premises in dispute, and under which one Joseph K. Brick, whose tenant the defendant Erastus A. Brewster is, had become and was vested with the title in fee to the lands claimed. The answer also denied the title and seisin of the plaintiff, and claimed that Joseph K. Brick was also entitled to the possession as the owner and assignee of the mortgage, which was due and payable and a lien upon the lands.

It appeared in evidence that Peter Poillon was seised of the farm on the 29th of January, 1838, and by his deed bearing date on that day the same, with another lot of 16 acres, were duly conveyed to Theodore B. Talmadge, the plaintiff's father. The consideration expressed in the deed was $10,000, and the conveyance was made subject to the payment of a mortgage, dated August 3, 1835, to secure the payment of $5000, with the interest, to one George Weeks, upon which there was due at the time of the date of the deed the sum of $4000. There was also read in evidence a deed of conveyance from Philip Burrowes, sole executor of the last will and testament of Theodore B. Talmadge, deceased, to Horatio Nelson Graves and Erastus Augustus Graves, dated November 21, 1848, for the consideration of $6500, and was duly recorded in Queens county clerk's office, December 28, 1848, and expressed to be by virtue of the power and authority given to Burrowes, the grantor, by the last will and testament of Theodore B. Talmadge. The lands were also conveyed subject to the mortgage to George Weeks. The defendant proved and produced a regular chain of title under the deed from Philip Burrowes to Joseph K. Brick, his landlord, subject nevertheless to the same mortgage. He also produced and read in evidence the mortgage and bond referred to in the deeds, which was executed by Peter Poillon, junior, to George Weeks, was dated on the 3d August, 1835, and duly recorded in the proper office, September 2, 1835. He also produced a deed of assignment of the same mortgage from George Weeks to Nelson G. Carman, dated July 31, 1852, for the consideration of $4000, and which was recorded in the proper office, August 2, 1852, wherein it is declared that the bond and mortgage shall not be merged or extinguished, but kept as a subsisting muniment of the title to the mortgaged premises then owned by the assignee of such mortgage, with all the usual remedies under the same. There was also produced and proved upon the trial, a deed of assignment of the same mortgage and bond, from Nelson G. Carman to Joseph

K. Brick, the defendant Brewster's landlord, dated March 11, 1858, for the consideration of one dollar, with a declaration in the deed of assignment similar to that in the deed from George Weeks to Nelson G. Carman. There was also offered in evidence by the defendant, upon the trial, an exemplified copy of the proceedings and proofs taken before the surrogate of the county of New York, admitting to probate and record an instrument in writing alleged to be the will of Theodore Talmadge, and the record of the will and letters testamentary issued thereon. The counsel for the plaintiff objected to the evidence as inadmissible, alleging amongst other grounds, the want of jurisdiction in the surrogate of New York to take the proof of the will. The objection was overruled and the plaintiff excepted. The papers were then read in evidence, consisting of the petition of Philip Burrowes, setting forth the making of the will, the death of the testator and the names of his widow and her two infant children, the said Laura and Angelina. That the deceased was, at or immediately previous to his death, an inhabitant of the city of New York, and praying that the will be proved and letters testamentary thereon issued to the petitioner. The petition is sworn to before a commissioner of deeds of the city of New York. The record then contains the usual order for the issuing of process, the consent of Isaac Fitz to become the guardian of the two infant heirs, the order appointing him as such guardian, the citation, with an affidavit of service thereof on Mary Ann Talmadge, the widow, by Joseph G. Taylor, the brother in law of the deceased, and an entry that Isaac Fitz, the special guardian, appeared and attended upon the proof of the will. Also the copy of the will with the affidavits and testimony taken by the surrogate, with the orders for recording of the will as a will of real and personal estate, and establishing the same as a valid will, and admitting the same to probate with the letters testamentary. These orders were made on the 28th of May, 1841. This copy of the record is certified and exemplified in the usual form to entitle the same to be read

Bolton *v.* Brewster.

in evidence. The will bears date April 13, 1839; appoints Philip Burrowes the executor, with a devise and power to sell, in the following words: " And for the purpose of enabling my executor to carry into full effect the intent and provisions of my said will, I do hereby convey and vest in him all my said estate and property of every kind, with full power and authority to sell, convey, assign, collect, satisfy, discharge, invest and reinvest the same and the proceeds thereof, in his best judgment and discretion, for the benefit of my wife and children as aforesaid." It was also proved that the testator died January 17th, 1841, at Hudson in the county of Columbia, and the proof also tended to show that he resided there with his family about five months immediately preceding his death. The circuit judge, upon this evidence, directed the jury to find a general verdict for the defendant Brewster, and also to find that Theodore B. Talmadge, at the time of his death and for five months immediately previous thereto, resided in the city of Hudson, Columbia county and state of New York; which fact was found and verdict rendered accordingly. To that part of the instruction which directed a general verdict in favor of the defendant Brewster, the plaintiff's counsel excepted, and thereupon the exceptions were ordered to be first heard at the general term and judgment there given.

In itself the record of the proof of the will appears to be complete. It shows that Theodore B. Talmadge, at and immediately before the time of his death, was an inhabitant of the city of New York where the will was proved. That all the necessary parties were properly brought into the surrogate's court, the witnesses duly examined, and their testimony recorded. It also shows, that in the execution and the publication of the instrument all the requisites of the statute of wills had been duly complied with. And but for the evidence aliunde we should, without any hesitation, adjudge that the defendant, Erastus A. Brewster, was entitled to hold the premises under the title derived from Philip Bur-

rowes the executor. The plaintiff, however, insists, and the jury have found as a fact in the case, that Theodore B. Talmadge was at and for five months previous to the time of his death, an inhabitant of the city of Hudson, and therefore could not have been at that time an inhabitant of the city of New York. Should we conclude—as I think we safely might—that upon the authority of *Conklin* v. *Edgerton,* (21 *Wend.* 430,) and *Newton* v. *Bronson,* (3 *Kernan,* 587,) Burrowes had authority to convey the land as the donee of a power in trust, and not as executor under the will, and that letters testamentary were not indispensable to the due execution of the power, we should still encounter the question upon which the plaintiff relies, to wit, the authority and jurisdiction of the surrogate of the city of New York to entertain the proceedings to prove the will. It is a necessary link in the defendant's chain of title upon this branch of the defense, and there is no proof of its execution and publication but that contained in the record and proceedings had before that officer. " The surrogate of each county shall have sole and exclusive power within the county for which he may be appointed, to take the proof of last wills and testaments of all deceased persons in the following cases: 1st. When the testator at or immediately previous to his death was an inhabitant of the county of such surrogate, in whatever place such death may have happened." (2 *R. S.* 60, § 23.) The surrogate's jurisdiction is exclusive, and the testator must have been an inhabitant of the county where the will is proved, at or immediately previous to his death. In the record and proceedings before the surrogate of the city of New York, it is distinctly alleged in the petition, which is sworn to, that Theodore B. Talmadge, at or immediately previous to his death, was an inhabitant of the city of New York. This jurisdictional fact is one which was open to litigation and which the surrogate might try and determine, and doubtless did determine, in these proceedings. It now becomes a grave question whether the proceedings can be attacked and subverted collaterally, for the purpose of

Bolton *v.* Brewster.

destroying the title to real property devised under the will. Domicil, residence, and inhabitancy,.depend upon acts coupled with intention, which it is not always easy to ascertain, and the courts will be reluctant, I think, to recognize it as a rule of evidence that the residence or habitation of a testator is open to litigation and controversy long after his will has been proved and admitted to record, and valuable rights have been acquired under it.` In the present case, it would be a useless task to endeavor to reach any definite conclusion upon this question, for an adjudication favorable to the views entertained by the plaintiff, would not overcome or evade another impediment which lies in the way of her recovery.

The defendant claims title to the premises under the deed from Philip Burrowes, as also under the mortgage made by Peter Poillon to George Weeks. Theodore B. Talmadge took the deed from Peter Poillon subject to this mortgage, and upon which there was then due the sum of $4000, and interest from the time of the date of the deed to him. George Weeks assigned the mortgage to Nelson G. Carman, who afterwards assigned the same to Joseph K. Brick, the landlord of the defendant, Erastus A. Brewster. This mortgage has never been paid or satisfied, but is now a subsisting lien. upon the lands claimed, and is held for the purpose of assuring and protecting the title. Whatever may be the effect of the deed executed by Philip Burrowes under the power contained in the will of Theodore B. Talmadge, the relation of the defendant to the premises is that of mortgagee in possession. After forfeiture and condition broken, the mortgagee, if he be in possession, is considered as having the legal estate, and an action of ejectment cannot be maintained against him. Whatever rights the plaintiff may have to these lands, it is quite clear she is not now entitled to recover the possession. (*Phyfe v. Riley*, 15 *Wend.* 248. *Van Duyne* v. *Thayre*, 14 *id.* 233.) Judgment should be entered for the defendant.

[ORANGE GENERAL TERM, September 10, 1860. *Lott, Emott* and *Brown,* Justices.]