[No. 10,086.]

## THE PEOPLE v. ROBERT MANNING.

Review of Evidence in Criminal Case.—The Supreme Court will not disturb a judgment in a criminal case on the ground that the evidence was insufficient to justify the verdict, unless there is either a total deficiency of evidence, or it preponderates so greatly against the verdict as to render it clear that the jury must have acted under the influence of passion or prejudice.

Proof of Venue of Crime.—Even if no witness testifies in so many words to the venue of the crime, as alleged in the indictment; yet, if the whole testimony taken together leaves no room for a reasonable doubt on this point, the venue is sufficiently proved.

Objection to Evidence.—If a witness, on cross-examination, is asked if he was not arrested for vagrancy, an objection that the record is the best evidence is not tenable; for an arrest does not necessarily imply that there was any record.

Immaterial and Incompetent Evidence.—There is a wide distinction between immaterial and incompetent evidence. Evidence may be material and tend to prove an issue, but incompetent under the rules of law for that purpose.

Idem.—An objection that evidence is immaterial, does not raise the point whether it was competent and admissible to impeach the witness, or competent to go to his credibility.

Objection to Evidence.—A party objecting to evidence, must specify the ground of his objection, and waives all objections not so specified.

Appeal from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The murder was alleged to have been committed in the City and County of San Francisco, on the 28th day of May, 1873. The deceased was killed on Clay street, near the corner of Pike. No witness testified in words that the place of the killing was in the City and County of San Francisco. Several witnesses were sworn for the prosecution. It appeared from the testimony of the witnesses that the killing was on the north side of Clay street, and between Dupont and Stockton streets, and that Dupont and Stockton streets were in the City and County of San Francisco. It was also proved that Washington and Sacramento streets were in the City and County of San Francisco, and that Clay street lay between them, so that the four streets bounding the place of killing, were in said City and County.

| 48 | 335 |
| 81 | 279 |
| 48 | 335 |
| 85 | 428 |
| 48 | 335 |
| 87 | 474 |
| 48 | 335 |
| 88 | 144 |
| 48 | 335 |
| 99 | 579 |
| 48 | 335 |
| 112 | 21 |
| 48 | 335 |
| 116 | 201 |
| 48 | 335 |
| a129 | 560 |

The other facts are stated in the opinion.

*McElrath & Osment*, for the Appellant, argued: The Court erred in allowing the witness Harris to answer, on cross-examination, whether he had been arrested for vagrancy; that it was an attempt to impeach the witness, and that a witness could only be impeached by contradictory evidence, or by evidence that his general reputation for truth and veracity was bad, and cited section two thousand and fifty-one of the Code of Civil Procedure. They also argued that the evidence was immaterial, and cited *People* v. *McDonald*, 39 Cal. 697. They also argued that the venue was not proved, and that the only proof on the point was that the deceased was killed on Clay street.

*John L. Love*, Attorney-General, and *Thos. P. Ryan*, for the People, argued that there was a distinction between being arrested for an offense and being convicted of an offense, because in case of conviction there must be a record, while in case of an arrest there might not be a record. They also argued that the objection that the evidence was immaterial was not a good one, as the only question was whether the evidence was competent. That evidence which went to the credibility of a witness need not be material to the issue; but the issue for the time being was dropped, and the question being tried was, whether the witness was to be believed; and that the only question arising here was, whether it was competent to impeach a witness by asking him if he had been arrested for vagrancy; and that therefore the objection that the evidence was immaterial was not good, and that, as no valid objection had been made to the testimony, no error was committed; and cited 18 Cal. 83; 23 Cal. 259, and 24 Id. 402. They also argued that explicit proof of the venue was not required, and cited 1 Wharton's Crim. Law, 601; *State* v. *Jones*, 1 McMullan, 246; and *People* v. *Williams*, 18 Cal. 187.

By the Court, CROCKETT, J.:

The defendant was convicted of murder in the second

degree, for the homicide of a Chinaman; and appeals from
the judgment and from an order denying his motion for a
new trial.   We are asked to reverse the case on the ground
that the evidence was insufficient to justify the verdict.
But it is the peculiar province of the jury to weigh the evi-
dence and decide upon the credibility of witnesses; and it
is not our practice to disturb verdicts on this ground,
unless there is either a total deficiency in the evidence, or
it preponderates so greatly against the verdict as to render
it clear that the jury must have been under the influence
of passion or prejudice.   In this case the evidence tending
to fix the homicide upon the defendant was not very satis-
factory; consisting first of the fact that he was present at
the killing; second, that certain spots of blood were found
upon his clothing; third, that a knife resembling one
known to have been in his possession was discovered sev-
eral days after the homicide in an alley-way, where he had
the opportunity to have thrown it; fourth, that he made cer-
tain contradictory statements to the policeman as to his
movements on the evening of the homicide.   It cannot be
said that this evidence did not tend strongly, if unex-
plained, to inculpate the defendant.   It is also perfectly
clear that the homicide was committed either by the de-
fendant or one Brennan, both of whom were present at the
time.   But counsel insists that it clearly appears the kill-
ing was done by Brennan, and that the defendant, though
present, took no part in it.   It is true, the only eye-wit-
nesses of the transaction, who professed to have seen the
whole of it, are two women, whose testimony tends strongly
to exonerate the defendant, and to fix the guilt upon Bren-
nan.   But it was for the jury to decide upon their credibil-
ity; and the result shows that their testimony was not
credited.   The jury appears to have placed more reliance
on the testimony of the witness Cope, who saw a part of
the transaction, and whose version of it tends to prove that
the defendant struck the mortal blow.   It will suffice to say
on this point that we cannot disturb the verdict on the
ground that it was not justified by the evidence.

Another point made by the appellant is that the venue

was not proved. No witness testified in so many words that the killing occurred in the City and County of San Francisco. But the whole testimony, taken together, left no room for a reasonable doubt on this point. We think the venue was sufficiently proved.

On the cross-examination of a witness for the defense, the District Attorney, for the purpose of discrediting him, asked him this question: "Were you ever arrested on February 1, 1871? Were you not arrested February 1, 1871, for vagrancy?" which was objected to on the ground that it was immaterial, and that the record was the best evidence. The Court overruled the objection, and permitted the question to be put and answered; and the witness admitted that he had been so arrested for vagrancy. This ruling is relied upon as error.

The objection that the record is the best evidence is not tenable. An arrest for vagrancy does not necessarily imply that there was any record evidence of the arrest. In *People* v. *Snellie* (No. 2,959), decided at the April term, 1872, but not reported, a witness was asked if he had been arrested for larceny. It was objected that the record was the best evidence. But we held that the question "was not open to the objection that the evidence thereby sought to be elicited was not the best evidence in degree." The objection that the evidence was "immaterial" does not raise the point whether it was competent and admissible under section two thousand and fifty-one of the Code of Civil Procedure. There is a wide distinction between immaterial and incompetent evidence. It may be material and tend to prove the issue, but incompetent for that purpose under the rules of law. On the other hand, it may be competent evidence in a proper case, but immaterial to any issue before the Court. A party objecting to the admission of evidence, must specify the ground of his objection when the evidence is offered, and will be considered as having waived all objections not so specified. To have entitled the appellant to raise the point in this Court as to the competency of the evidence under the Code, he should have made the objection on that ground in the Court below.

Judgment and order affirmed.  Remittitur forthwith.

Neither Mr. Chief Justice WALLACE nor Mr. Justice McKINSTRY expressed an opinion.