[No. 1110. Decided February 6, 1895.]

J. J. MANEY, *Respondent,* v. J. F. HART, *Appellant.*

APPEAL — CERTIFICATION OF STATEMENT WITHOUT NOTICE — FILING NEW BOND — AMENDMENT OF PLEADINGS — ACTION FOR SERVICES RENDERED — EVIDENCE — WANT OF REQUEST — RATIFICATION — PAYMENT.

Under Laws 1893, p. 115, § 9, where no amendments or objections to a statement of facts have been served by the respondent on the appellant, the statement may be properly certified by the judge in the absence of, and without notice to, the respondent.

Under Laws 1893, p. 125, when it appears that the sureties upon an appeal bond are not qualified, the vóluntary filing of a bond with new sureties within five days from the time fixed for the sureties on the original bond to justify is sufficient, although no examination of the sureties therein had been made by the judge.

In an action to recover for labor performed and material furnished to defendant in the driving of a certain number of piles, it is not error to permit plaintiff, at the time of going to trial, to amend his complaint, over the objection of defendant, by striking therefrom the claim for materials furnished, as modification of the complaint imposes no additional burden on defendant in conducting his defense, nor does it materially change the issues so as to require further preparation for trial.

Denial of defendant's application to file an amended answer, at the trial, setting up a counterclaim, is not an abuse of discretion on the part of the trial court, when the defendant had once waived the filing of it. (HOYT, C. J., dissents.)

In an action to recover for labor performed in driving piles for defendant, testimony showing what prices had been charged by plaintiff for driving piles for other persons in the vicinity is immaterial.

In an action to recover for services performed, a verdict for plaintiff is warranted, although there is no proof that the services were performed at the request of defendant or of an authorized agent, when it appears that defendant ratified the performance of such services by availing himself of the fruits thereof.

When payment is not pleaded it cannot be proved under a plea of general denial of the allegations of the complaint.

*Appeal from Superior Court, Snohomish County.*

*Andrews & Morris,* for appellant.

*A. R. Titlow,* for respondent:

There having been no notice of any kind whatever given to respondent by appellant of his filing, or attempting to file, his amended answer until the hour of trial, it was within the discretion of the court to allow or disallow the same. Especially is this true, having obtained no order of the court for leave to file the same, and the issues prior to the attempt to file the same having been made up in the cause, and especially after appellant had waived his right to file same. Code Proc., § 221; *Davis v. Erickson,* 3 Wash. 658; *Liebmann v. McGraw,* 3 Wash. 521; *Skagit R. & L. Co. v. Cole,* 2

Wash. 57. A pleading cannot lawfully be amended in
a material respect except at a time which will give the
party against whom the amendment is allowed a right
and opportunity to meet by proof any allegations
made against it. *Romeyn v. Sickles,* 108 N. Y. 650;
*Butcher v. Bank of Brownsville,* 83 Am. Dec. 446; *Reeder
v. Sayre,* 70 N. Y. 180 (26 Am. Rep. 567); *Garrison v.
Goodall,* 31 Pac. 709; *Saint v. Guerrerio,* 30 Pac. 335
(31 Am. St. Rep. 320). It was not an abuse of the
discretion of the court to allow respondent to strike
from his complaint at the time of trial certain words,
when appellant is in nowise surprised thereby, and
has no greater burden put upon him. *Lee v. Lee,* 3
Wash. 236; *Walsh v. McKeen,* 75 Cal. 519; *Riverside L.
& I. Co. v. Jensen,* 73 Cal. 550; *Doan v. Houghton,* 75
Cal. 360; *Reeder v. Sayre,* 70 N. Y. 180 (26 Am. Rep 567).

The opinion of the court was delivered by

ANDERS, J.—The respondent moves this court to
strike the statement of facts from the record herein, to
affirm the judgment of the lower court, and to render
judgment against the appellant and his sureties upon
the supersedeas bond filed in this cause, for the rea-
sons, (1) that the said statement appears to have been
settled more than thirty days after notice to respond-
ent's attorneys of the filing of the same with the clerk
of the court below, and (2) that there is nothing in the
record showing that the respondent or his attorneys
were present when the statement of facts was settled
by the court, or that he, or they, had any notice of the
time when, or place where, application would be made
to the judge who tried the cause to settle and certify
the statement of facts.

It is true that the condition of the record, as to the
matters set forth in the motion, is as therein stated. It

is also true that there is nothing whatever in the record showing that the respondent, within the time limited by law, or at any time, filed and served on the appellant any amendments or objections to the statement as filed, and we must therefore presume, as the law presumes, that the respondent agreed to the same. And that being so, there was nothing for the court to "settle," and it was perfectly legitimate for the judge to certify the statement in the absence of, and without notice to, the respondent or his attorneys. Laws 1893, p. 115, § 9. The motion must be denied.

The respondent further moves to dismiss the appeal on the alleged ground that no appeal bond was filed in this cause within five days after service of notice of appeal, as required by law, and that no bond but a supersedeas bond was ever filed in this case.

The notice of appeal seems to have been served on the respondent's attorney on October 16, 1893. On the same day, appellant filed with the clerk of the court below a bond which was in form and substance both an appeal and stay bond. Three days thereafter he filed a second bond, similar to the first, except as to sureties. Thus it will be seen that two bonds instead of one, conditioned as required by law, were filed within the time limited by the statute. The respondent, however, objected to the sufficiency of the sureties on the bond, and the court, with the consent of counsel for the respondent, ordered appellant to file a new bond, which he did on November 2, 1893. The fact that this latter bond was not filed within five days after service of the notice of appeal, can in nowise affect its validity, for the law plainly provides that a new bond may be filed within five days after the judge shall certify that the sureties in the original bond are not qualified as required by law. Laws 1893, p. 125.

In this case an examination of the sureties was not made by the judge, for the reason that appellant asked and obtained leave to file the new bond without such examination, and the judge ordered him to do so within five days from the time fixed for the sureties to justify. The motion to dismiss is also denied.

The original complaint in this action, which was filed July 21, 1892, alleged that during the months of August and September, 1891, the plaintiff performed certain labor and furnished certain materials for the defendant, and at his instance and request, for which the defendant promised and agreed to pay the plaintiff what the same were reasonably worth; that the material so furnished and labor performed consisted of driving one hundred and twenty-six piles, which were furnished and driven by plaintiff at and about the sawmill of the defendant, and that the reasonable value of said piles and the driving thereof was two and $\frac{50}{100}$ dollars apiece, making in all the total sum of $315, which sum, nor any part thereof, has never been paid, although payment thereof has been duly demanded.

On September 19, 1892, the defendant answered, denying each and every allegation of the complaint, and subsequently, and on December 23, 1892, filed an amended answer, which, however, the court struck from the files for the reason that it had not been served on the plaintiff.

After the jury was called, but before it was impaneled, the plaintiff asked leave to strike from the complaint those portions thereof alleging that materials were furnished by plaintiff to defendant, and thus modify it so that it would state a cause of action for labor performed merely. The defendant objected to the proposed alteration of the complaint on the ground of surprise, and that he was not prepared to meet

such an issue. But the court allowed the plaintiff to so change the complaint, and the defendant saved an exception. Prior to this time, counsel for the defendant had stated to the court that he did not desire to file an amended answer, but he then asked leave to file the amended answer which the court had previously stricken from the files. The plaintiff objected on the ground that it set up new matter and thus tendered new issues. The court sustained the objection, and the defendant excepted.

Error is assigned upon each of these rulings of the court. The point made is that the court abused its discretion, both in permitting the plaintiff to amend his complaint by striking out certain allegations thereof and in refusing to permit the defendant to file his proposed amended answer. If the modification of the complaint had been such as to impose any additional burden or labor upon the defendant in conducting his defense, or to so change the issues as to require further time to prepare for trial, there would be much force in appellant's contention. But in our opinion it did neither. If the defendant was ready to go to trial, as he said he was, upon his denial that the plaintiff furnished material and performed labor for him, as alleged in the complaint, he certainly could not have been prejudiced by the fact that, at the trial, the plaintiff disclaimed the right to recover for materials, and changed his complaint accordingly. Moreover, it appears that the claim for materials furnished was inserted in the complaint by mistake of counsel, as the plaintiff himself testified that he never intended to make such a claim, for the reason that he did not furnish the material therein mentioned. We think the court committed no error in allowing the complaint to be thus amended.

Nor do we think the court, under the circumstances, abused its discretion in refusing to permit the defendant to file an amended answer, at the trial, setting up a counterclaim against the plaintiff, after he had once waived the filing of it. This same answer was filed on December 23, 1892, but the plaintiff had no notice of it until March 16, 1893, the day of the trial, at which time the defendant moved for judgment on the pleadings. The motion for judgment was denied, and, as we have already intimated, the amended answer was stricken out on motion of plaintiff. It was simply treated as if it had never been filed, for the reason that it was filed without leave of the court and without notice to the plaintiff. The application to amend at the time of the trial was, therefore, properly treated as an original one, and it was for the court to say, in the exercise of a sound legal discretion, whether it should be allowed or rejected. It was apparent to the court that the defendant disregarded the law in filing the proposed amended answer in the first instance, and no reason was given for not making a proper application to amend before the case was called for trial. If the amendment had been allowed, the result would probably have been to delay the trial, and that is always a matter to be considered by the court in determining the rights of the parties. The general rule is to allow amendments in furtherance of justice, good cause therefor being shown, and such is the rule prescribed by our statute (Code Proc., § 221), but we perceive no sufficient reason in this instance for disturbing the decision of the court on the ground of abuse of discretion.

It appeared on cross-examination of plaintiff, at the trial, that he had driven piles for other persons besides the defendant, at or near the Snohomish river, and thereupon defendant's counsel asked him what he re-

ceived for such labor and under what circumstances
and conditions it was performed. The questions were
objected to by the plaintiff on the ground of immateri-
ality, and the objection was sustained by the court.
The witness, who had been for several years engaged
in the business of piledriving, had testified positively,
from his own knowledge, as to the value of his serv-
ices for defendant, and we think that what he charged
or received from others for driving piles at other
places was wholly immaterial, especially in the absence
of a showing, or a direct offer to show, that all of the
conditions under which the labor was performed were
substantially similar to those under which the services
were rendered for the defendant. It was shown that
the usual price paid for driving piles in that vicinity
was from two to three dollars apiece, depending upon
the character and condition of the ground, its accessi-
bility, and the difficulty encountered in placing and
retaining the machinery in proper position. Several
witnesses, who assisted in doing the work for which
the plaintiff sought to recover, testified that two dollars
and a half was a fair and reasonable price for driving
each pile driven by the plaintiff, and the defendant
did not attempt to dispute this testimony, except indi-
rectly by way of cross-examination of plaintiff. If the
price claimed was unreasonable, it would seem that the
defendant might have produced some competent and
direct evidence to show it.

The appellant also predicates error upon the refusal
of the court to grant a non-suit, or to direct the jury
to return a verdict for the defendant, at the close of
plaintiff's case. It is claimed that there was not suffi-
cient evidence to support a verdict for the plaintiff,
for the reason that is was neither shown that the ser-
vices for which compensation was demanded were

rendered at the request of the defendant, nor that they were rendered with his knowledge and accepted by him. That the fruits of the plaintiff's labor were accepted by the defendant there can be no doubt, for the evidence unequivocally shows that he erected a sawmill upon the very piles driven by the plaintiff. And although the plaintiff simply testfied that one Davis, and not the defendant, requested him to do the work, we nevertheless think it would be going too far to hold, under the facts in evidence, that the plaintiff failed to prove a sufficient cause for the jury. If it was not proved affirmatively that Davis was the agent of the defendant, it did appear that the defendant ratified his acts by availing himself of the labor obtained thereby. The motions were properly denied.

Lastly, it is insisted that the verdict is too large, because the proof shows that the plaintiff's foreman received $82 worth of lumber from the defendant on this account. But the purport of the testimony as a whole upon this point is to the effect that there was no agreement on the part of the plaintiff to apply the value of the lumber received by his foreman in part payment of the account in suit. Payment was not pleaded by defendant, and of course could not be proved under the issue raised by a general denial of the allegations of the complaint. And all of the evidence touching this question was brought out on cross-examination of plaintiff, and was therefore undisputed. What it proved was a question for the jury to determine, and we are not disposed to question their finding.

The judgment is affirmed.

DUNBAR and SCOTT, JJ., concur.

HOYT, C. J.—I dissent. I think the trial court abused the discretion vested in it when it allowed the com-

plaint to be amended and at the same time refused to allow defendant to file an amended answer.