[No. 2697. Decided November 4, 1897.]

N. B. BRUCE, *Respondent*, v. MARY JANE FOLEY,
                    *Appellant.*

APPEAL — SETTLEMENT OF STATEMENT — SUFFICIENCY OF CERTIFICATE
— NOTICE — PLEADING — WAIVER OF OBJECTIONS — RES JUDICATA —
EVIDENCE.

Notice of the settlement of a statement of facts is unnecessary,
when the statement has been regularly filed and served upon the
respondent, and no amendments proposed by the latter within
the time limited by law.

Where the review of but a single question is sought by an
appeal, and all the evidence bearing on that question is brought
into the record and certified as all the evidence bearing thereon,
it is unnecessary for the appellant to present a statement certi-
fied as containing all the material facts, matters and proceedings
in the cause.

Although the defense of *res judicata* is not properly admis-
sible in evidence, unless pleaded in the answer, yet, where proof
establishing such defense has been admitted without proper ob-
jection, it should be considered by the court in determining the
cause.

In an action by the lessor for damages for breach of the con-
ditions of a lease, the defendant is entitled to plead and prove
as *res judicata* the judgment in a former action which was founded
on the same breach, although the prior action sought a cancella-
tion of the lease, as well as damages, when the evidence neces-
sary to sustain the present action is the same as would have
been required to sustain the former one.

There being but one form of action in this state, the fact that
a prior action of equitable cognizance had been adjudged against
plaintiff would not preclude defendant from pleading *res judicata*
to a second action founded on a claim for damages, when the
two actions involve the same subject matter and require the
same evidence.

When the record of a former proceeding which has been de-
cided upon the merits is received in evidence without objec-
tion thereto, although not pleaded, and the identity of the causes
of action and the parties is established, it is not merely to be

received as evidence of a fact but constitutes in law a complete bar to a recovery in the later action.

Appeal from Superior Court, Pierce County.—Hon. J. A. WILLIAMSON, Judge. · Reversed.

*Johnson Nickeus,* for appellant.

*Judson Applegate,* and *F. G. Merrill,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The brief of respondent contains a motion to strike the statement of facts because notice of settling the same was not given. It appears from the record and is conceded by the parties that the statement was regularly filed and served, and that no amendments were proposed or filed within the time limited by law. Under such circumstances we have held that notice of the settlement of the statement is not required. *State, ex rel. Hersner, v. Arthur,* 7 Wash. 358 (35 Pac. 120); *Maney v. Hart,* 11 Wash. 67 (39 Pac. 268).

Another ground upon which the motion to strike is based is that the certificate does not show that the statement "contains all the material facts, matters and proceedings in the cause, etc." We think the objection is not well taken. Appellant seeks by the appeal to review a single question, which, if decided in his favor, necessitates a reversal. He has brought all of the evidence bearing upon that question into the record, and the certificate covers it. This is sufficient *Tompson v. Huron Lumber Co.,* 5 Wash. 529 (32 Pac. 536). The motion must be denied.

In 1893 the respondent by written instrument leased certain real property to the appellant for a period of five years. This action was instituted to recover damages occasioned by a failure of appellant to keep and perform the covenants of the lease. The trial resulted in a verdict, which was fol-

lowed by a judgment for the plaintiff (respondent). There was a motion for a new trial upon several grounds, among others that the verdict was against the evidence, which motion was overruled, and the defendant appeals.

At the trial the defendant introduced the record of a former action between the same parties involving, we think, the identical subject matter. The record so introduced consisted of the complaint, answer, reply and judgment in such former action, coupled with parol proof of the identity of the parties, etc. Appellant contends that the record so introduced constituted an estoppel and bar to the maintenance of the second action, and that the verdict found against her in view of such record was contrary to the evidence and should have been set aside. This is the sole question in the cause.

Against the contention of appellant respondent urges, (1) that the judgment was not pleaded; (2) that the matter in difference involved in the second suit was not directly involved in the first; (3) if admissible at all, the record in the former cause was receivable merely as evidence of a fact and was not conclusive. As to the first objection urged it must be conceded that the answer in the case does not set up the prior adjudication, and, had the evidence been objected to on the ground that it had not been pleaded, or of variance, it would not have been admissible. We think the rule deducible from all the authorities on code pleading is that the answer must contain allegations of all facts, which, when plaintiff's case is established, the defendant must prove in order to defeat a recovery; that a distinct affirmative defense can not be given in evidence (over objection) under a general denial; and in such case the defendant is limited to a contradiction of plaintiff's proofs and the disproval of his case. *Beaty v. Swarthout*, 32 Barb. 393; *Griffin v. Long Island R. R. Co.*, 101 N. Y. 348

(4 N. E. 740); *Glazer v. Clift*, 10 Cal. 303; *Dyson v. Ream*, 9 Iowa, 51.

The only objection offered to the introduction of the record was that "in the former action plaintiff asked for the cancellation of his lease, which is not sought in the present action." Had proper objection been made, however, it would have been discretionary with the lower court to have permitted the answer to be amended; but by neglecting to make such objection the respondent has, we think, waived the right to urge now that it was not pleaded. *Coats v. West Coast Fire, etc., Ins. Co.*, 4 Wash. 378 (30 Pac. 404, 850); *People v. Manning*, 48 Cal. 335.

Where new matter not properly pleaded is improperly received in evidence on the trial without objection on the part of the plaintiff, the court in giving judgment must take it into consideration. *New York Central Ins. Co. v. National Protection Ins. Co.*, 14 N. Y. 85; *Coats v. West Coast Fire, etc., Ins. Co., supra.*

" The judge is to instruct the jury upon the whole evidence; the rule being, that *a variance between the pleadings and the evidence* is no ground of error, unless the evidence *was objected to on this ground* at the time it was offered." 2 Thompson, Trials, §2510, and cases there cited.

Counsel for the respondent lay great stress upon the language of section 194, Vol. 2, Hill's Code (Bal. Code, § 4912), which is that "The answer of the defendant *must contain* . . . a statement of any new matter constituting a defense," etc., but an examination discloses that this is the usual code provision upon the subject. Wait's Code (N. Y.), § 149; Deering's Code (Cal.), Vol. 3, §437; Compiled Laws Dakota (1887), §4914.

And section 208, Vol. 2, Hill, (Bal. Code, § 4933), which provides how judgments may be pleaded is identical

with section 161, Wait's Code, section 456, Deering's Code, and section 4926, Compiled Laws, *supra.*

As to the second objection urged, a comparison of the complaint in this action with that in the prior action shows that the suits are founded upon the same breaches in the lease. It is true that in the former suit plaintiff sought the cancellation of the lease, as well as damages, whereas in the present action the claim is for damages only: But there is an identity of subject matter and it is clear that the evidence necessary to sustain the present action would have authorized a recovery by plaintiff in the former one.

Respondent further contends that the judgment in the former suit constitutes no bar for the reason that it was a suit in equity, whereas this is an action at law. We have in this state (as in most code states) but one form of action for the enforcement or protection of private rights and the redress of private wrongs, and that is known as a civil action. 2 Hill's Code, § 109 (Bal. Code, § 4793).

Under similar provisions in New York the court of appeals of that state say:

"As the courts of the state are now constituted, they apply legal and equitable rules and maxims indiscriminately in every case. . . . and now when an action is prosecuted we inquire whether, taking into consideration all the *principles* of *law* and *equity* bearing upon the case, the plaintiff ought to recover." *New York Central Ins. Co. v. National Protection Ins. Co.*, 14 N. Y. 85.

It is conceded by counsel that the issues in the former action were tried out and judgment was given for the defendant upon the merits. Such being the case, when the record of the former proceeding was received in evidence without objection thereto, and the identity of the causes of action and the parties established, it constituted in law a complete bar to a recovery in the present action, and the

verdict and judgment should have been for the appellant. It was therefore error for the court to refuse to set aside the verdict and for that reason the judgment must be reversed and the cause remanded.

Scott, C. J., and Anders, Reavis and Dunbar, JJ., concur.