THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* DÍAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a prosecution for violation of the Internal Revenue Law.

No. 667.—Decided May 1, 1914.

INTERNAL REVENUE LAW—ADMISSION OF ACCUSED—EVIDENCE.—The testimony of an internal revenue agent to prove a statement made to him by the accused

to the effect that the latter had manufactured a certain number of cigars in a cigar factory is admissible when the statement was not influenced by promises or threats and when the accused was informed previously that he was under no obligation to make a statement, but that if made it would have to be forwarded to the Treasurer, and it was not necessary that the accused should be informed that anything he might say would be used against him.

ID.—ILLICIT CIGAR FACTORY—EVIDENCE.—In order that a cigarmaker who works in an illicit cigar factory may be convicted of a violation of the Internal Revenue Law, it must be shown that he knew that the factory was an illicit one.

LOCUS DELICTI—EVIDENCE.—The place where an offense is committed must be shown beyond all reasonable doubt like any other essential allegation of the information.

The facts are stated in the opinion.

Mr. Charles E. Foote, fiscal, for The People.

Mr. Francisco González for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Francisco Díaz from a judgment rendered on appeal, after a trial de novo, by the District Court of Humacao on April 5, 1913, finding the accused guilty of a violation of the Internal Revenue Law and sentencing him to pay a fine of $50 or undergo imprisonment for one day for each dollar not paid, and to pay the costs.

The complaint charged the accused with the violation of section 49 of the Excise Tax Law of March, 1911, in that ''On one of the days of the month of January, 1913, in the ward of Collores of Las Piedras, municipality of Humacao, Municipal Judicial District of Humacao, P. R., which forms a part of the Judicial District of Humacao, P. R., the said accused, Francisco Díaz, knowingly and wilfully aided and abetted Fernando López· in violating the provisions of the Internal Revenue Law of Porto Rico by making cigars in a illicit factory which López had in his house, with full knowledge that the said López had no license and had not given any bond as such manufacturer of cigars.''

Although it does not appear from the judgment transcribed in the record what violation of the Internal Revenue Law the accused was convicted of, it is stated in the state-

ment of the case which was approved by the judge that the court found the accused guilty of the violation of sections 9, 17, and 49 of the Internal Revenue Law.

As ground for his appeal the appellant alleges that the court erred: 1. In not striking out the testimony of witness Paul Ruell in so far as it relates to statements made by the accused, Francisco Díaz; 2. In finding the accused guilty without jurisdiction; 3. In finding him guilty when the essential allegations of the complaint had not been proved; 4. In finding that the accused had violated sections 9 and 17 of the Internal Revenue Law.

As to the first ground of the appeal, it appears from the statement of the case that, according to the testimony of Paul Ruell, internal revenue agent, the accused told him in the police station of Humacao, without threats or promises, that he and Julio Camacho made about 400 cigars during the month of January, 1913, in the house of Fernando López, he having been told previously that he could testify or not and that his statement would have to be forwarded to the Treasurer. The attorney for the defense moved to strike out that part of the testimony of witness Ruell for the reason that Francisco Díaz had not been warned when he made this statement to the agent that his statement might be used against him, and the motion to strike out being overruled, an exception was taken to the ruling of the court.

We are of the opinion that no error was committed in overruling the motion to strike out because Revenue Agent Ruell informed Díaz that he might testify or not, and the statement he made to the internal revenue agent who questioned him was entirely voluntary and not influenced by any deceit, threat, or promise. We see no need for informing him that if he made a statement it might be used against him, especially as the record does not show that Díaz acted under the belief that an inquiry was being made solely as to the liability of Fernando López for having an illicit cigar factory. If there were such illicit factory and the accused know-

ingly worked therein, he would have to participate in the liability of López, pursuant to the Internal Revenue Law, and his ignorance of the law would be no excuse. In any event, if there were error in overruling the motion to strike out, it was not prejudicial to the accused for he did not state that he worked in López's cigar factory knowing that the same was illicit, and the mere fact that he worked there did not render him liable.

The second ground of appeal is manifestly without merit in the manner in which it has been alleged, for the Humacao court had jurisdiction of the case, it being one of an offense which, according to the wording of the complaint, had been committed in the ward of Collores of Las Piedras, municipality of Humacao, of the municipal judicial district of Humacao, Porto Rico, which forms a part of the judicial district of Humacao, Porto Rico; but as the appellant alleges that it was not shown at the trial that the house of Fernando López is situated within the municipality of Humacao, we consider that the second error is included in the third error and will proceed to examine them jointly.

The plea of not guilty renders it necessary that all the allegations of the complaint be proven, including that referring to the place where the offense was committed. *The People* v. *Parks,* 44 Cal., 105; *The People* v. *Manning,* 48 Cal., 335.

We have examined the statement of the case and find no proof tending to show that the offense was committed within the jurisdiction of the Municipal Court of Humacao or of the district court of the same.

If the offense was committed it was committed undoubtedly in the house of Fernando López, but there is no evidence to show the place where the said house is situated. In the trial of a criminal action the place where the offense is committed must be established beyond a reasonable doubt the same as any other essential allegation of the complaint.

But the fact is that although the offense had been commit-

ted in the district designated in the complaint, all the integral elements of the offense have not been proved. While it appears that the defendant worked in the illicit cigar factory of Fernando López, there is no evidence that he did so with full knowledge that the factory was illicit. The only evidence tending to show the guilt of Díaz is the testimony of witness Paul Ruell to the effect that on or about December 14 or 15, 1912, he was in the vicinity of López's house and saw some persons running out of it, they being the accused and a person named Camacho, and that there were tobacco stems about the said house. That evidence alone is not sufficient to carry conviction of the guilt of Díaz.

As there is a lack of proof of the essential allegations of the complaint there is no need to discuss the fourth assignment of error.

For the foregoing reasons the judgment appealed from should be reversed.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.