EL PUEBLO, DEMANDANTE Y APELADO, *v.* DÍAZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción de la ley de rentas internas.

No. 667.—Resuelto en mayo 1, 1914.

INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—ADMISIONES DEL ACUSADO—DECLARACIÓN DEL AGENTE DE RENTAS INTERNAS.—Es admisible la declaración de un agente de rentas internas para probar las manifestaciones hechas a él por el acusado acerca de haber elaborado cierto número de cigarros en una fábrica de tabacos, sin promesas ni amenazas, e informado previamente de que podía declarar o nó y de que su declaración había de ir al Tesorero, no siendo necesario el que fuere informado de que si prestaba declaración se podía utilizar en su contra.

ID.—FÁBRICA CLANDESTINA DE CIGARROS—RESPONSABILIDAD DE LOS TABAQUEROS.—Para que el tabaquero que trabaja en una fábrica clandestina de cigarros sea responsable del delito de infracción de las leyes de rentas internas, es necesario que lo haga con conocimiento de que la fábrica es clandestina.

LUGAR DE LA COMISIÓN DEL DELITO—FALTA DE PRUEBA—ALEGACIONES ESENCIALES DE LA ACUSACIÓN.—El lugar de la comisión del delito debe quedar demos-

trado fuera de toda duda razonable como cualquiera otra alegación esencial de la acusación.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Francisco González.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinion del tribunal.

Se trata de un recurso de apelación interpuesto por Francisco Díaz contra sentencia que en grado de apelación y mediante celebración de nuevo juicio dictó la Corte de Distrito de Humacao el 5 de abril del año próximo pasado, declarando al acusado culpable de infracción a la Ley de Rentas Internas e imponiéndole la pena de cincuenta dólares de multa o un día de cárcel por cada dólar que deje de satisfacer, con las costas.

En la denuncia se imputa al acusado el delito de infracción de la sección 49 de la Ley de Arbitrios de marzo de 1911, porque "en uno de los días del mes de enero de 1913 y en el barrio Collores de Las Piedras, municipalidad de Humacao, del distrito judicial municipal de Humacao, P. R., que forma parte del distrito judicial de Humacao, P. R., el citado acusado Francisco Díaz, a sabiendas y voluntariamente consintió y ayudó a Fernando López a violar las disposiciones de la Ley de Rentas Internas de Puerto Rico, elaborando cigarros en una fábrica clandestina que tenía el López en su casa, con perfecto conocimiento de que dicho López no tenía patente ni había prestado fianza alguna como tal fabricante de cigarros."

Aunque no aparece en la sentencia transcrita en el récord cuál sea la infracción de la Ley de Rentas Internas de que se declara culpable al acusado, en el escrito de exposición del caso aprobado por el juez se consigna que la corte declaró al acusado culpable del delito de infracción a las secciones 9, 17 y 49 de la Ley de Rentas Internas.

Alega la parte apelante como motivos del recurso que la corte erró: 1. Al no eliminar del récord la declaración del

testigo Paul Ruell en la parte relativa a manifestaciones hechas por el acusado Francisco Díaz; 2, al declarar culpable al acusado careciendo para ello de jurisdicción; 3, al declararlo culpable sin haber sido probados los hechos esenciales de la denuncia; y 4, al declarar que el acusado había infringido las secciones 9 y 17 de la Ley de Rentas Internas.

En cuanto al primer motivo del recurso, aparece del escrito de exposición del caso que, según declaración de Paul Ruell, agente de rentas internas, el acusado le manifestó en la estación de policía de Humacao, sin promesas ni amenazas, haber hecho unos cuatrocientos cigarros en unión de Julio Camacho durante el mes de enero de 1913, en la casa de Fernando López, habiendo sido informado previamente de que podía declarar o no, y de que su declaración había de ir al Tesorero. El abogado defensor solicitó fuera eliminada del récord esa parte de la declaración del testigo Ruell por la razón de que Francisco Díaz no había sido advertido al declarar ante el agente de que su declaración podía utilizarse en su contra, y denegada la eliminación, fué tomada excepción contra la resolución de la corte.

Opinamos que no se cometió error al denegar la eliminación solicitada, pues el agente Ruell informó a Díaz que podía declarar o no, y la manifestación que hizo al agente de rentas internas que le interrogaba fué completamente libre, sin que influyera en ella engaño, amenaza o promesa alguna. No vemos la necesidad de que fuera informado de que si prestaba declaración se podía utilizar en su contra, máxime no constando del récord que procediera Díaz en la creencia de que se trataba de inquirir solamente responsabilidades de Fernándo López con motivo de tener una fábrica clandestina de cigarrillos. Si existía esa fábrica clandestina y con conocimiento de ello el acusado había trabajado en la misma, tenía que participar de la responsabilidad de López con arreglo a la Ley de Rentas Internas, sin que la ignorancia de ésta le favoreciera. De todos modos, si hubo error al denegar la eliminación, no fué perjudicial al acusado, pues éste no

manifestó que trabajara en la fábrica de cigarros de López con conocimiento de que fuera clandestina, y el mero hecho de haber trabajado en ella no le investía responsabilidad alguna.

El segundo motivo del recurso es abiertamente improcedente en la forma en que ha sido alegado, pues la corte de Humacao tenía jurisdicción para conocer del caso, tratándose como se trataba de un delito que, según los términos de la denuncia, había sido cometido en el barrio de Collo·res de Las Piedras, municipalidad de Humacao, del distrito judicial municipal de Humacao, P. R., que forma parte del distrito judicial de Humacao, P. R.; pero como el recurrente alega no haberse demostrado en el juicio que la casa de Fernando López está situada dentro del municipio de Humacao, estimaremos comprendido el segundo error alegado en el tercero, y examinaremos ambos conjuntamente, como pasamos a hacerlo.

La alegación de no culpable hace necesario que se prueben todas las alegaciones contenidas en la acusación, incluyendo la que se refiere al lugar de la comisión del delito. *People v. Parks,* 44 Cal., 105; *People v. Manning,* 48 Cal., 335.

Hemos examinado la exposición del caso y no encontramos prueba tendente a demostrar que el delito se cometiera dentro de la jurisdicción de la corte municipal de Humacao o de la corte de distrito del mismo nombre.

El delito si se cometió fué cometido ciertamente en la casa de Fernando López, pero no hay prueba demostrativa del sitio donde radica dicha casa. En el juicio de una causa criminal el sitio donde se comete el delito debe quedar establecido más allá de una duda razonable, como cualquiera otra alegación esencial de la acusación.

Pero es que aunque el delito se hubiera cometido en el distrito designado en la denuncia, no se han probado todos los elementos integrantes del mismo. Aunque aparece que el acusado trabajó en la fábrica clandestina de cigarros de Fernando López, falta prueba de que lo hiciera con perfecto

conocimiento de que esa fábrica era clandestina. La única indicación tendente a mostrar la culpabilidad ·de Díaz es la de que según manifiesta el testigo Paul Ruell, allá por·los días 14 ó 15 de diciembre de 1912, estuvo por los alrededores de la casa de López y vió salir de allí unos individuos corriendo, siendo éstos el acusado y otro nombrado Camacho, y había palotes de tabaco alrededor de dicha casa. Esa indicación por sí sola no puede llevar al ánimo la convicción de la culpabilidad de Díaz.

Faltando prueba de los hechos esenciales de la denuncia, huelga discutir el cuarto error alegado.

Por las razones expuestas, es de revocarse la sentencia apelada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.