[No. 429. Decided June 8, 1892.]

F. S. COATS, *Respondent*, v. WEST COAST FIRE & MARINE INSURANCE COMPANY, *Appellant*.

APPEAL—STATEMENT OF FACTS—FIRE INSURANCE—ACTION ON POLICY—SUFFICIENCY OF COMPLAINT.

A notice to settle a statement of facts on appeal is ineffectual when it fails to name any place where the statement would be presented for settlement, and names a judge who did not try the case as the person before whom the settlement would be had.

In an action upon a fire insurance policy which provides that the amount to be paid thereunder should not exceed the proportion which the amount insured under the policy bears to all the insurance upon the property, the complaint should show that there is no other insurance upon the property, or in case there is other insurance, should give the amount thereof. (DUNBAR, J., dissents.)

Where a complaint in an action upon a fire insurance policy is insufficient on the ground that it fails to show what other insurance was upon the property burned, the objection cannot, in the absence of the record showing the facts in evidence on the trial, be raised for the first time in the supreme court.

*Appeal from Superior Court, Pierce County.*

Action by F. S. Coats against the West Coast Fire &
Marine Insurance Company to recover upon a policy of
insurance in the sum of $1,000. Judgment for plaintiff,
and defendant appeals.

*Snell, Bedford & Claypool,* for appellant.

*Easterday & Britton,* and *J. H. Easterday,* for respondent.

The opinion of the court was delivered by

HOYT, J.—The notice to settle the statement of facts on
appeal in this cause failed to name any place where such
statement would be presented for settlement, and named
a judge who did not try the case as the person before
whom such settlement would be had. This being so, we
are of the opinion that it was ineffectual for the purpose
for which it was given, and that the motion of the re-
spondent to strike the statement for that reason must be
granted.

The facts being out of the case, only one question is pre-
sented for our determination. Does the complaint state
facts sufficient to constitute a cause of action? The action
was brought upon a policy of insurance which was at-
tached to the complaint. Under the provisions of said
policy the company agreed to pay a sum not exceeding
one thousand dollars, subject to the provisions contained
in said policy, that the amount to be paid thereunder
should not exceed the proportion which the amount in-
sured under the policy bore to all the insurance. The
complaint contained allegations which are conceded to be
sufficient, with the exception that it contained no allega-
tion, that there was no other insurance upon the property,
or that there was other insurance, giving the amount
thereof. The contention of appellant is, that one of these
last named allegations was absolutely necessary to deter-

mine the amount which could properly be claimed as due upon the policy upon which the action was founded. Its argument in this regard is, that the promise of the company was not to pay an absolute sum subject to certain conditions subsequent, but that its obligation was to pay such a sum not exceeding one thousand dollars as the amount of the policy bore to the whole amount of insurance. And that for that reason the ascertainment of the amount of other insurance, or of the fact that there was no other insurance, was a condition precedent without which no liability under the policy could be established. The reasoning in this regard is somewhat technical and refined, yet we think it should have force, and if the question of the sufficiency of this complaint had been seasonably raised in the court below by demurrer or other appropriate method, we think it should have been held insufficient. Such, however, was not the case. In the court below, defendant saw fit to answer this complaint and go to trial upon the issues made therein, and for that reason an entirely different rule as to the construction of this complaint prevails here from what would have obtained had the question of its sufficiency been seasonably raised. Appellant calls our attention to the statute authorizing the question of the sufficiency of the complaint to be raised for the first time here, and claims that under such provision it is entitled to have the case reversed, if, in fact, the complaint is insufficient. The provision of the statute is unquestioned, and this court must give it force. It does not follow, however, that in order to give it force, this court must look upon the complaint just as the court below would have done upon a demurrer interposed there. An entirely different rule of construction of pleadings obtains after verdict from what would have obtained before. Every reasonable intendment after verdict, comes to the aid of the pleading; while before verdict the pleading is strictly construed as against the

pleader. Beside, in this case, the facts not being here, we are entirely unadvised as to the progress of the cause in the court below. For aught we know, full and satisfactory proof as to these very allegations may have been introduced by the plaintiff without objection on the part of the defendant, and if such was the fact, we are satisfied that it could not be successfully urged that the defect in the complaint was not cured. If such would be the construction here of this complaint with such a fact appearing affirmatively in the record, then such must be our construction of it when the facts are not brought here at all, for the reason that it is the duty of the court to presume all possible facts necessary to sustain the judgment of the lower court. The defect in this complaint could have been supplied by amendment. And this court should presume that an amendment would have been allowed had the court's attention been called to such defect. Of course the defects in a complaint may be of such a nature that no presumption that can be indulged in will make it good. In such a case this court must give force to the provision of the statute above referred to, and hold it bad, even although its sufficiency was not at all challenged in the lower court. In the case at bar, the defects are not of this nature, and as against an attack first made in this court, the complaint must be held to be sufficient.

The judgment must be affirmed.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J. (concurring).—I concur in the result announced by the majority, but not for the reasons assigned in the opinion. I think the complaint states a good cause of action, and that it is proof against demurrer, or any other objection. It is not necessary for the complaint to allege what other insurance, if any, there was on the property at the time of the loss. The basis of computation is

the amount of insurance promised by the defendant, and if there are any facts subsequent to the issuance of the policy which by the terms of the policy would relieve the insurer from liability, these are matters of defense which the insurer must plead in order to avail himself of them.    The language of authority is that "the insurer must specially plead it in defense."    Wood on Fire Insurance, § 522.

"The special matter must be set forth with such certainty and particularity, as that the plea, on its face, *prima facie*, constitutes a defense, and the insurer can only defend as to the matter set up, and the fact that evidence was admitted without objection, not warranted by the pleadings, will not defeat the plaintiff's claim.    The plaintiff is entitled to have all such evidence stricken out of the case."

If the law will even exclude testimony admitted without objection, on the theory that the plaintiff need not negative facts of this character until the defendant by his pleadings has tendered an issue thereon, how much stronger is the reason for sustaining a complaint which does not state these negative facts.    The contract in this case is substantially a contract to pay one thousand dollars, notwithstanding some subsequent act of the insured might lessen the liability of the defendant.    It is evident from the policy that it would be a subsequent act which is complained of, and the distinction must be kept in mind between facts precedent and facts subsequent.    The rule is thus laid down in 2 May on Insurance, § 589:

"As in cases of insurance the money is only recoverable on the performance of certain acts by the insured and the existence of certain facts, the performance of these acts and the existence of these facts must be alleged.    But this applies only to conditions and facts precedent.    Conditions subsequent to the right of recovery, and all acts to be done by the insurers in discharge of their liability, may be omitted from the declaration, and left for the insurers to set up in defense."

This announcement of the law is fully sustained by the authorities, and it seems to me is conclusive on this question. We are cited by appellant to § 519 of 2 Wood on Fire Insurance, and there is no doubt of the correctness of the law there enunciated, and the same rule is laid down by May on Insurance, and is not disputed that I know of anywhere, but that is only to the effect that performance on the part of the insured of all conditions precedent or facts that excuse performance must be averred by plaintiff, as where the policy provides that notice must be given, and proof of loss furnished. Compliance with the conditions, or facts that excuse compliance must be set forth, or no recovery can be had. There is no affirmative action which the insured contracted to do that is omitted from the complaint. He may, or may not, have insured in other companies, as he may, or may not, have done many things which would affect the insurance company's liability in whole or in part, and which if done must be pleaded by the company in defense. The same section in Wood on Fire Insurance cited by appellant, further on prescribes the following test:

"It can readily be determined of what matters performance should be averred, by ascertaining what, under the policy, the assured has stipulated to do, and what he must do, in order to recover, and he must aver performance of all such conditions, as where he stipulates to erect a chimney, to keep a watchman, etc. . . . But, as to all other matters, which are in the nature of exceptions, or which are merely prohibitory, and provide that the assured shall not do certain things, the plaintiff need not make any special averments, as they are merely matters of defense, which, if relied upon by the insurer, must be plead and proved by him."

And this is only in accordance with the general rule of pleading, that it is necessary for each party to make out his own case or defense. The plaintiff is not bound to antici-

pate, and is therefore not compelled to notice and remove in his declaration or plea every possible exception, answer or objection which may exist, and on which the adversary may intend to oppose him. Bliss on Code Pleading, § 200. This is the universal doctrine, and quotation from particular authority to sustain it would be the work of supererogation, and I think this case falls squarely within the rule. The company insured the plaintiff for one thousand dollars; it received compensation for insurance on one thousand dollars, and if the plaintiff had done nothing in the way of additional insurance, it would be responsible to him for that amount, and this complaint can only be held bad on the presumption that additional insurance had been obtained. I do not think that, under any rule of law, such presumption can attach. It is a question of fact, pure and simple, and if it is a fact that additional insurance has been obtained, it is a good defense, but it must be alleged and proven affirmatively, like any other fact in defense, and the plaintiff should not be compelled to make negative averments. This condition is inserted in the policy simply by way of proviso; the policy, as I have said, is for one thousand dollars, and it remains one thousand dollars, unless there is an additional insurance, in which case it is provided that the liability of the company shall be proportionate. It can in no sense be a condition precedent, for it may not happen at all. It was introduced simply for the benefit of the defendant, and it must, therefore, under the universally accepted rule, be taken advantage of, if at all, by the defendant. There are innumerable conditions attached to this, as well as to nearly all other insurance policies, such as that the company shall not be responsible for loss caused by invasion, insurrection, etc., etc. It might as logically, and as much in accordance with common sense, be held that the plaintiff must affirmatively allege that the fire was not caused directly or indirectly from invasion,

riot, civil war or commotion, or military law, or usurpation of power, or by lightning, or that the insured did not keep coal oil or other explosive on the premises, or, to use a popular and possibly somewhat exaggerated expression, that it did not fall within the "thousand and one" exceptions which the ordinary policy provides for, as to hold that he must allege that he had no other insurance on his goods.