[No. 3132.   Decided October 4, 1899.]

J. R. PICKLE, *Respondent,* v. A. L. SMALLEY *et al.,*
*Appellants.*

CHATTEL MORTGAGES—FORECLOSURE BY NOTICE—AUTHORITY OF CON-
STABLE.

A constable has no authority to foreclose a chattel mortgage
by notice and sale, under the terms of Bal. Code, §§ 5871, 5872,
which provide that such instruments may be foreclosed by the
service of the notice therein prescribed by the "sheriff or other
proper officer."

CONVERSION—SALE OF CHATTELS UNDER ILLEGAL FORECLOSURE OF
MORTGAGE—EVIDENCE.

In an action against a mortgagee and a constable for conver-
sion, by reason of the illegal seizure of mortgaged personalty in an
attempt to foreclose by summary process, the chattel mortgage is
not admissible in evidence to prove the mortgagor's indebtedness,
for the purpose of thereby establishing a set-off; nor is it, in con-
nection with the constable's return in the foreclosure proceedings,
admissible to show justification for the seizure and sale.

SAME—DEFENSES—ANOTHER ACTION PENDING.

Where, pending the disposition in the superior court of a
foreclosure proceeding, which had been transferred there after
the beginning of the summary method of foreclosure by notice
and sale, the mortgagee and the constable, in whose hands the
notice had been placed, proceed with the seizure and sale of the
mortgaged property, they are guilty of conversion, and in an
action therefor at the suit of the mortgagor they are not entitled
to set up the defense of another action pending, involving the
same parties and the same cause of action.

Appeal from Superior Court, Lincoln County.—Hon.
CHARLES H. NEAL, Judge.   Affirmed.

*Myers & Warren,* for appellants:

Upon a conversion of the property by the mortgagee, he cannot be treated as having accepted the property in payment of the debt secured, but, in an action for the debt or for the conversion, he is to be charged with the value of the property, and credited, as an offset, with the amount of the debt. *Powell v. Gagnon,* 53 N. W. 1148; *Brink v. Freoff,* 6 N. W. 94; *Cushing v. Seymour,* 15 N. W. 249; *Brown v. Phillips,* 3 Bush, 656; *Jelletts v. St. Paul, M. & M. Ry. Co.,* 15 N. W. 237; *Ball v. Liney,* 48 N. Y. 6 (8 Am. Rep. 511); *Bates v. Courtwright,* 36 Ill. 518; *Deal v. D. M. Osborne & Co.,* 43 N. W. 835; *Burton v. Randall,* 46 Pac. 326.

Upon the point that the provision of Bal. Code, § 5872, to the effect that the notice of foreclosure "shall be placed in the hands of the sheriff or other proper officer," is broad enough to authorize constables to conduct such proceedings, counsel cite *Winchell v. Pond,* 19 Vt. 198; *Hume v. Norris,* 5 Ore. 478; *Fleugel v. Lards,* 66 N. W. 585; *Citizens' Savings Bank v. Kock,* 75 N. W. 444.

*H. N. Martin* and *John C. Kleber,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—On the 15th day of June, 1895, the respondent executed and delivered to the appellant, Smalley, a chattel mortgage on certain personal property to secure the sum of $200, to become due on the first day of October following. The mortgage was absolute upon its face, but was given to secure certain advances which Smalley agreed to make to the respondent for the purpose of enabling respondent to care for and harvest a crop of grain growing upon lands which the respondent was farming. On the 3d day of October, 1895, the appellant Smalley, claiming there was due on the note and mortgage

the sum of $70.15, caused foreclosure proceedings to be commenced by notice and sale, putting the notice in the hands of appellant Redick, who was then a constable, for execution. The respondent, desiring to contest the right of Smalley to foreclose the mortgage, took steps to have the foreclosure proceedings transferred to the superior court of Lincoln county, and procured an order of the judge for that purpose, which order was conditioned that the respondent furnish a bond in the sum of $100. The respondent did not furnish the required bond, whereupon the appellants proceeded with the foreclosure and sold a part of the mortgaged property. The respondent then brought this action to recover the value of the property, alleging conversion on the part of the appellants, which resulted in a verdict and judgment in favor of the respondent. From that judgment this appeal is taken.

On the trial of the cause the appellants offered in evidence, in justification of the seizure and sale of the property, the original chattel mortgage and a purported return of the constable, which recited his proceedings had while attempting to foreclose the chattel mortgage. The offered evidence was excluded by the court on the objection of the respondent, and the court's ruling thereon is assigned here as error. The statute relating to the foreclosure of chattel mortgages by notice and sale does not prescribe that any return of the officer's proceedings shall be made, nor does it make such return evidence in any case where the foreclosure is called in question; and it may be doubted whether this return was admissible as evidence to show a foreclosure, even had the constable authority to act under the statute. But the ground upon which the court based its ruling was that a constable has no authority to execute the power conferred by the statute, and on this question the counsel for the respective parties have directed their argument. The statute (§§ 5871, 5872, Bal. Code) pre-

scribes that the notice of foreclosure must contain a full description of the property mortgaged, together with time and place of sale, a statement of the amount due, must be signed by the mortgagee or his attorney, and recites that

" Such notice shall be placed in the hands of the sheriff or other proper officer, and shall be personally served in the same manner as is provided by law for the service of a summons. . . ."

It is contended that the word "sheriff," as used in this connection, is a generic term and includes all executive officers, a part of whose duty it is to execute the writs of a court, and hence in the absence of the words "other proper officer" the statute would be broad enough to include constables; and, if this were not so, the words "other proper officer" must be held to mean constables, as there could be no purpose in their use unless it was the intention of the legislature to provide that constables might act as the foreclosing officer under the statute. We cannot agree with this contention. The statute provides a summary method of foreclosure without the intervention of the courts. The remedy is thus special and statutory, and, being in derogation of the common law, will not be extended by construction beyond the plain import of its terms. This rule of construction forbids giving to the term "sheriff" a generic meaning, and, had that term been used in the statute alone, it is clear to our minds that a constable, as such, would not have been empowered to act. Neither do we think the added phrase gives constables such authority. The language employed is not the ordinary or usual method of designating that class of officers, and it would seem that, had the legislature intended that such officers might execute the power conferred, it would have said so in terms incapable of being misunderstood—would have named them directly. The phrase used is in itself restrictive, rather than expansive. Bouvier defines the word "proper"

as, "That which is essential, suitable, adapted, and correct;" and, as this is its ordinary signification, the "other proper officer" must be one suitable and adapted to the execution of the power conferred. In carrying out the provisions of the statute accuracy and technical precision are required, in order to pass title to the property sold. These cannot be had without special training, or at least skilled advice; and it is no disparagement of that worthy class of officers to say that constables have not usually the one, or the means of always obtaining the other. Other reasons might be assigned why constables are not proper officers to be entrusted with this power, but, without enumerating them, we conclude that the legislature meant to confine its execution to the sheriff (and his deputies) when that officer is qualified to act, and to the officers provided by law to act in the place of the sheriff when that officer is disqualified.

It is next objected that the mortgage should not have been excluded by the court, for the reason that it was admissible for the purpose of showing that a debt was due from the respondent to the appellant Smalley, which the appellants were entitled to offset against any judgment the respondent should be entitled to recover by reason of the conversion of the mortgaged property. Had the appellants offered in this connection the note or other proof of the debt, there might have been some force to the contention, but the mortgage itself would prove nothing. It purported to be security for a promissory note given by the respondent to appellant Smalley, and could not be evidence that the note remained due or unpaid, and therefore was not admissible for the reason assigned. Aside from this, the record shows that the mortgage was offered, in connection with the constable's recital of the foreclosure proceeding, as a justification for the seizure and sale of the property, and not for the purpose of proving an offset. Being

offered for such purpose only, the lower court properly rejected it.

It is next claimed that a new trial should have been granted by the court below because the evidence disclosed that another suit was pending between the same parties, involving the same cause of action. This contention is based upon the theory that the foreclosure proceedings were transferred to the superior court by the action taken by respondent while attempting to contest the foreclosure of the mortgage. Conceding that the order of the court had that effect, the appellants are not in a position to urge it for reversal. If the order made by the court was valid, it follows that the subsequent proceedings had by the appellants outside of the court were absolutely void. The effect of such an order, when valid, is to transfer the foreclosure to the superior court, where it must proceed as if it had been originally commenced in that court; and a sale of the property by the officer under the notice while the foreclosure was pending in the superior court would amount to a conversion for which an action in favor of the mortgagor would lie.

The judgment is affirmed.

GORDON, C. J., and REAVIS, J., concur.