[No. 3784. Decided October 2, 1901.]

CORNELIUS JACOBSON, *Respondent*, v. ABERDEEN PACK-ING COMPANY *et al., Appellants.*

CHATTEL MORTGAGES — FORECLOSURE BY NOTICE — AUTHORITY OF CONSTABLE.

A constable has no authority to foreclose a chattel mortgage by notice and sale under the terms of Bal. Code, §§ 5871, 5872, which provide that such mortgages may be foreclosed by the service of the prescribed notice by the "sheriff or other proper officer", and that "such notice shall be sufficient authority for the officer to take such property into his immediate possession."

PLEADING — CONVERSION — COUNTERCLAIM — DEFECTIVE PLEA CURED BY ADMISSION OF EVIDENCE.

In an action for conversion founded on the defendant's unlawful seizure and sale of plaintiff's goods under a chattel mortgage, an answer setting up by way of counterclaim the plaintiff's indebtedness for which the mortgage was security cannot be urged as error after judgment, where no demurrer was inter-

posed to such answer and evidence in support of its allegations had been introduced without objection.

Appeal from Superior Court, Pacific County.—Hon. HENRY S. ELLIOTT, Judge. Reversed.

*C. C. Dalton* and *Hewen & Stratton,* for appellants.

*J. J. Brumbach,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by respondent to recover possession of certain personal property, consisting of pound net material, of which respondent claimed to be the owner. It is alleged that appellants wrongfully and forcibly and without respondent's consent took possession of said property. Judgment is demanded for the recovery of the possession of the property, or for the sum of $175, the value thereof, in case its return cannot be had, and also for $150 damages. The appellants in their answer admit that respondent was the owner of the property, but deny that they wrongfully took possession thereof. They also allege affirmatively that the appellant Martin Flink was constable of Ilwaco precinct, Pacific county, Washington, duly elected and qualified as such, and that the appellant Aberdeen Packing Company was a corporation; that on the 4th day of June, 1897, the respondent executed and delivered his promissory note to said corporation for the sum of $140, due on demand; that on the 13th day of September, 1897, respondent executed and delivered to said corporation his certain other promissory note for the sum of $225, due one day after date; that for the purpose of securing said notes, the respondent also executed two chattel mortgages to said corporation, there being one mortgage of even date with each note, and given specially

tò secure such note; that, default having been made in
the payment of said notes, the appellant Martin Flink, as
constable, levied upon and took into his possession certain
personal property described in the answer, which levy
was made by virtue of said notes and chattel mortgages,
and by direction of the attorney of the mortgagee; that
appellants believe the goods and chattels so levied upon
to be the same as those described in the complaint; and
that said levy and taking constitute the supposed wrong-
ful taking in the complaint alleged. It is next alleged
that in making such levy and in taking possession of said
goods and chattels appellants acted according to law, and
in all things complied with the statutes; that the appel-
lant Martin Flink, as constable, proceeded to foreclose
said chattel mortgages by notice and sale, and applied the
proceeds of such sale upon the indebtedness of respondent
evidenced by said promissory notes. Full copies of the
notice, manner of service, and posting thereof are set
forth in the constable's return, which also contains a full
statement of his doings, and is made a part of the answer.
It is also alleged that, after applying the proceeds of such
sale upon the amount of indebtedness represented by said
notes, there remained due thereon the sum of $132.01;
and it is demanded that respondent's action shall be dis-
missed, and that the appellant, the Aberdeen Packing
Company shall have judgment against respondent for said
sum of $132.01. A second and third affirmative defense
were, upon agreement of counsel, stricken by the court.
The reply denies the allegations of the answer that the
property described in the chattel mortgages is the same
as that described in the complaint. On stipulation of the
parties, testimony was taken before a justice of the peace,
and thereafter transcribed, to be read before the court at

the trial. The cause was tried before the court without a jury, the jury being waived, and the court rendered judgment that respondent is entitled to recover judgment against appellants for the return of the property which had been wrongfully and forcibly taken, or the value thereof, amounting to $175, with interest from said taking, in case the return of the property cannot be had; that said property had been disposed of by appellants, and could not be returned, and that respondent should therefore have judgment for said sum of $175 and interest. From said judgment this appeal was taken.

The findings of the trial court are very brief, and it is insisted by appellants that the court erred in not making such findings upon other points claimed to be within the issues as were proposed by appellants. The findings, in effect, were that appellant the Aberdeen Packing Company is a corporation, and appellant Flink is a qualified constable, as above stated; that at the time the property was taken, respondent was the owner thereof, and entitled to its possession; that its value is the aggregate sum of $175; that appellants, without respondent's consent, wrongfully and forcibly took the property from respondent's possession, and the same is unlawfully withheld by appellants; that appellants have disposed of the property, and its return cannot be had. The court did not find whether the chattels covered by the mortgages are the same as those claimed in the complaint, and there is no finding concerning the alleged foreclosure of the mortgages. We are therefore not advised from the record as to the precise theory upon which the case was determined. It may have been upon the theory that the chattels described in the complaint are not the same as those included in the mortgages, or upon the theory that, even though they were the same, the manner of the attempted

foreclosure was unauthorized, and the taking therefore wrongful. It was conceded at the trial that respondent was indebted to the Aberdeen Packing Company upon the said promissory notes in the amount claimed, and it is vigorously urged that the court erred in not making findings upon the points above indicated. It becomes our duty, however, to determine the case upon the record that is here, and to ascertain if the final result reached by the trial court was correct. The evidence is very confusing as to whether the property described in the complaint is the same as that covered by the mortgages. Appellants claim it should be found that the chattels which respondent seeks to recover are identical with those described in the mortgages. However, even if it should be so found, the mortgagee's right to seize the chattels and subject them to its possession is limited to the steps of a regular foreclosure as authorized by law. The record shows that possession was taken by appellant Flink as constable, and that all the proceedings of the attempted foreclosure were conducted by him as such constable. This court held in *Pickle v. Smalley,* 21 Wash. 473 (58 Pac. 581), that a constable has no authority to foreclose a chattel mortgage by notice and sale under the terms of Bal. Code, §§5871 and 5872, which provide that such mortgages may be foreclosed by the service of the notice therein prescribed by the "sheriff or other proper officer," and that "such notice shall be sufficient authority for the officer to take such property into his immediate possession." The argument of the opinion upon this subject in that case concludes as follows:

"Other reasons might be assigned why constables are not proper officers to be entrusted with this power, but, without enumerating them, we conclude that the legislature meant to confine its execution to the sheriff (and

his deputies) when that officer is qualified to act, and to the officers provided by law to act in the place of the sheriff when that officer is disqualified."

Upon the authority of the above case it must therefore be held here that appellant Flink took possession of the chattels without authority, and that the taking was wrongful and unlawful. Since the taking was wrongful, and the property has since been disposed of, there was a conversion of the same. Appellants, however, further contend that under their affirmative defense they are entitled to set off against the amount found as the value of the property the amount of respondent's indebtedness to the Aberdeen Packing Company, and also that they are entitled to a judgment over for the balance of said indebtedness. In support of this position they cite *Pickle v. Smalley, supra*. There a mortgage was offered in evidence in connection with the constable's return as to proceedings on foreclosure for the stated purpose of justifying the seizure under foreclosure. In this court it was insisted that it was admissible for the further purpose of showing that a debt was due from the respondent, Pickle, to appellant, Smalley, which the appellant was entitled to offset against any judgment the respondent should be entitled to recover by reason of the conversion of the mortgaged property. The offered evidence was excluded below for any purpose, and this court, in sustaining the ruling of the lower court, held that, as it was not offered for the purpose of showing the amount of indebtedness, it could not now be so considered, and in any event could not be considered, for the reason that the mortgage itself was not evidence of the indebtedness, and in that connection said:

"Had the appellants offered in this connection the note or other proof of the debt, there might have been some force to the contention, but the mortgage itself would

prove nothing. It purported to be security for a promissory note given by the respondent to appellant Smalley, and could not be evidence that the note remained due or unpaid, and therefore was not admissible for the reason assigned."

We presume it is upon the authority of the above statement that counsel cite said case here, but the principle involved was not discussed by the court, and the point was not really decided in that case. The language of the court may be said to amount to no more than a suggestion that there might have been some force in the contention if the notes had been offered in evidence. In the case at bar both the notes and mortgages are in evidence. No objection was made to the introduction thereof, and it was stipulated that the amount due was not disputed, said amount being the sum set up in the first affirmative defense above outlined. We think the effect of the answer was to plead a counterclaim against any sum which might be found due for conversion. No demurrer was interposed to this portion of the answer, and, as we have said, no objection was made to the introduction and consideration of the evidence as to the amount of respondent's indebtedness. If respondent sought to object to the answer on the ground that it did not constitute a proper counterclaim, he should have demurred for that reason, or in any event should have objected to the introduction and consideration of the evidence in support of the counterclaim. It is true, the statute provides that objection may be made to a complaint for the first time in this court on the ground that it does not state facts sufficient to constitute a cause of action; and, if it be conceded that the same rule applies to an answer which pleads a counterclaim, yet, when evidence has been introduced without objection in support of the allegations, the defect has been cured. *Coats*

*v. West Coast Fire & Marine Ins. Co.*, 4 Wash. 375 (30 Pac. 404, 850).

In the last named case the court said:

"For aught we know, full and satisfactory proof as to these very allegations may have been introduced by the plaintiff without objection on the part of the defendant, and if such was the fact, we are satisfied that it could not be successfully urged that the defect in the complaint was not cured."

It seems unnecessary to enter upon a discussion here as to whether the answer is strictly a counterclaim, within the meaning of our statute. The determination of that subject is one of some difficulty, in view of the apparent elasticity of the statute upon the subject. Section 4913, Bal. Code, defines what may be pleaded as a counterclaim. Subdivision 1 is as follows:

"A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Similar statutes exist in many of the states, and the term "transaction," and also the phrase "connected with the subject of the action," are so comprehensive that the courts have found much difficulty in applying them to the manifold combinations which arise in the cases. We will not pursue that subject here, however, since, as we have seen, if this answer is not strictly a counterclaim, within the statute, it has been cured by failure to object to the evidence in support of it. The court found the value of the property converted to be $175 and the answer and the proofs show that the property of respondent which was sold under the attempted foreclosure proceedings brought the aggregate sum of $350, which sum the mortgagee now has. The demands, therefore, seem to stand as

follows: The mortgagee is entitled to recover the full amount of respondent's indebtedness, but against that indebtedness should be credited the $175 found due for the conversion. The mortgagee having already realized from what it claims to be the same property the sum of $350, respondent is justly entitled to credit for the additional amount actually realized by the mortgagee over and above the amount found due for the conversion. That additional amount is $175, which makes $350 in all, which should be credited to the respondent. Respondent must not be charged with the costs of the attempted foreclosure. In entering judgment, due account should be made of interest upon both sides.

The judgment is reversed and the cause remanded, with instructions to the court below to enter judgment in accordance with this opinion.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT and DUNBAR, JJ., concur.