[No. 19892.  Department Two.  July 14, 1926.]

FINANCE & INSURANCE AGENCY, *Appellant,* v. HUGH
HERREN *et al., Respondents.*

FINANCE & INSURANCE AGENCY, *Appellant,* v. M. J.
CALLAHAN *et al., Respondents.*[1]

[1] EVIDENCE (50)—COMPETENCY—MATTERS EXPLANATORY OF FACTS
IN EVIDENCE. The absence of account books bearing upon issues
may be explained by a party by showing that he last saw the
book in the possession of an agent of the adverse party.

[2] USURY (7)—DISCOUNTS ON LOANS—INSTRUCTIONS. Upon a
conflict in the testimony as to whether notes, passed between
the parties, were understood to be a loan or a discounting
thereof, an instruction upon the subject of usury is properly
given, in view of Rem. Comp. Stat., § 7299, providing that, in
the discounting of paper, where the discounter makes himself
liable as an indorser, the transaction will be considered as a
loan.

[3] CRIMINAL LAW (111)—EVIDENCE—OTHER OFFENSES—ADMISSI-
BILITY. Upon an issue as to usury, usury in other transactions
is properly admitted only to show a general scheme of exacting
illegal interest.

[4] TROVER AND CONVERSION (31)—DAMAGES—VALUE OF PROPERTY.
The conversion of security of less value than the obligation
upon the note cannot be claimed by plaintiff where the jury
found, upon competent evidence, plaintiff's conversion of security
equal to the obligation of the note.

Appeal from a judgment of the superior court for
Pierce county, Teats, J., entered May 23, 1926, upon
the verdict of a jury in favor of the defendants, in con-
solidated actions to recover on promissory notes.
Affirmed.

*Porter & Healey,* for appellant.

*Bates & Peterson,* for respondents.

MACKINTOSH, J.—Nine causes of action, based on
promissory notes, were tried to a jury in these two
[1]Reported in 247 Pac. 948

consolidated law suits, and the plaintiff, being dissatisfied with the amounts recovered by it on five of the causes, has appealed from so much of the judgment as is therein involved.

[1] The respondent Herren was permitted to testify, in explaining the absence of one of his account books, to the effect that it was last seen in the possession of an agent of the appellant. The admission of this testimony is urged as prejudicial and erroneous, but we cannot so view it. The book should contain details of the transactions involved in these suits, and it was proper for the respondent to explain the reason that he could not produce the written evidence at the trial and where he last saw it.

[2] Usury was one of the defenses to causes two and four, and an instruction, now assailed, was given telling the jury that, if the appellant took notes and collateral from respondent Herren in the regular course of discounting paper, the appellant would not be chargeable with usury, but if the arrangement was that the appellant was to finance the business and the taking of the paper was not in the nature of discounting it, and more than the legal rate of interest was charged, that the defense of usury was to be given effect. The testimony was in conflict as to what was the understanding between the parties as to the passing of these notes to the appellant—whether they were being discounted or whether loans were being made. The notes were payable to the respondent and endorsed by him to the appellant, and while an endorser cannot plead usury which he has himself exacted from the maker, he can so plead, if his endorsee has exacted usury from him, and the situation here is of the latter class. Pierce's Code, § 3155 [Rem. Comp. Stat., § 7299], provides that even in the discounting of paper, where the discounter makes himself liable as an

endorser, the transaction shall be considered as a loan; and this should be determinative of the correctness of the trial court's action relating to the defense.

[3] Complaint is voiced over the reception of evidence of usury in transactions, where that defense was not pleaded. The jury was instructed that the evidence of usury in the other dealings was admitted only to show a general scheme of exacting illegal interest. There was no error in this.

[4] Involved in one of the causes was a question regarding the permission given by the appellant to one of the note makers to trade the truck, the chattel mortgage upon which was security for the note, for another truck; the respondent claiming that thereby the appellant converted the security and could consequently recover only the balance due on the note secured thereby in excess of the value of the property converted. The trade was made, but appellant claims it did not authorize it. The jury resolved this question of fact against the appellant, and there only remains the question as to the value of the original truck at the time of its conversion, the appellant claiming that, if it was then less than the balance due on the note, it could recover that balance. *Jacobsen v. Aberdeen Packing Co.*, 26 Wash. 175, 66 Pac. 419; *Kellogg v. Malick*, 125 Wis. 239, 103 N. W. 1116; 11 C. J. 598. The jury under instructions such as contended for by the appellant must have found the value of the truck at the time of its conversion to have equaled the remaining obligation on the note, there being evidence to that effect, and this cannot be interfered with now.

Complaint is made of an instruction regarding the failure of the appellant to renew the chattel mortgage on one of the trucks, thereby losing the security. Appellant says there was no evidence that the respond-

ent lost anything by the affidavit of renewal not having been recorded. The instruction properly stated the law, and the evidence justified its being given.

Some other errors are assigned, but they cannot alter the result.

Affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.