[No. 24961.    Department One.    November 15, 1934.]

CHRISTENA INGERSOLL *et al., Appellants,* v. WILLIAM CLAPP, *Respondent.*[1]

*Lucius G. Nash,* for appellants.

*Vanderveer & Bassett,* for respondent.

MILLARD, J. — Plaintiffs, a marital community, brought this action to recover damages for an assault alleged to have been committed by defendant on plaintiff wife. Defendant answered, denying commission of the offense alleged, and filed a cross-complaint for damages for libel growing out of the publication by the plaintiffs of an affidavit in which the defendant was accused of assaulting plaintiff wife in the manner al-

[1]Reported in 37 P. (2d) 895.

leged in the complaint. No motion against, nor demurrer to, the cross-complaint was interposed by plaintiffs, who replied merely denying the allegations of the cross-complaint. They did not deny publication of the affidavit, nor did they claim that the publication was privileged. Trial of the cause to a jury resulted in a verdict for five hundred dollars in favor of the defendant. From the judgment on the verdict, motion for a new trial having been denied, plaintiffs appealed.

Appellants contend that the cross-complaint does not state facts sufficient to constitute a cross-complaint or a counterclaim.

■■ If the publication of which respondent complains was false and was not privileged, the respondent was entitled to a verdict on his cross-complaint, which states a good cause of action. Whether that cause of action, under the statute, was one that could be interposed as a counterclaim to appellants' action, is a question that appellants should have raised by demurrer.

"The plaintiff may demur to an answer containing new matter, when it appears upon the face thereof that such new matter does not constitute a defense or counterclaim, or he may for like cause demur to one or more of such defenses or counterclaims, and reply to the residue." Rem. Rev. Stat., § 276 [P. C. § 8364].

Any question as to the propriety of the counterclaim was foreclosed by appellants' failure to raise objection thereto until after the verdict.

"Except in a few jurisdictions, and unless a counterclaim in the particular action is expressly forbidden by statute, an objection that a counterclaim, set-off, cross complaint, or cross petition is improperly interposed in the particular action is waived by an adverse party where, without raising the objection by demurrer or otherwise, he joins issue by an answer or reply to the merits, especially where he also goes to trial and makes no objection to the introduction of evidence

under the counterclaim or set-off." 49 C. J. § 1236, p. 837.

If the facts stated in the cross-complaint do not constitute a counterclaim as defined by the statute,

"A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action;" (Rem. Rev. Stat., § 265) [P. C. § 8352]

the defect has been cured by failure of the appellants to seasonably object thereto. Appellants did not demur to the answer, and it will be presumed that they did not object to the introduction and consideration of the evidence in support of the counterclaim, as they failed to bring a statement of facts or a bill of exceptions to this court.

"We think the effect of the answer was to plead a counterclaim against any sum which might be found due for conversion. No demurrer was interposed to this portion of the answer, and, as we have said, no objection was made to the introduction and consideration of the evidence as to the amount of respondent's indebtedness. If respondent sought to object to the answer on the ground that it did not constitute a proper counterclaim, he should have demurred for that reason, or in any event should have objected to the introduction and consideration of the evidence in support of the counterclaim. It is true, the statute provides that objection may be made to a complaint for the first time in this court on the ground that it does not state facts sufficient to constitute a cause of action; and, if it be conceded that the same rule applies to an answer which pleads a counterclaim, yet, when evidence has been introduced without objection in support of the allegations, the defect has been cured. *Coats v. West Coast Fire & Marine Ins. Co.*, 4 Wash. 375 (30 Pac. 404, 850).

"In the last named case the court said:

" 'For aught we know, full and satisfactory proof as to these very allegations may have been introduced

by the plaintiff without objection on the part of the defendant, and if such was the fact, we are satisfied that it could not be successfully urged that the defect in the complaint was not cured.' " *Jacobson v. Aberdeen Packing Co.*, 26 Wash. 175, 66 Pac. 419.

The following language of the supreme court of Minnesota in *Lace v. Fixen*, 39 Minn. 46, 38 N. W. 762, is applicable to the case at bar:

"The proper way to raise the question whether a cause of action is the subject of counterclaim is by demurrer. . . . By failing to demur on this ground, the plaintiff waived all objection to the answer as a counterclaim. . . . We think confusion has sometimes arisen by failure to distinguish between a case where the 'counterclaim' fails to state a cause of action and a case where, although it states a good cause of action, it is one which is not the subject of counterclaim under the statute. Of course, in the first case the defect can be taken advantage of at any time, even after judgment, precisely as if it were set up in a complaint."

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.